[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to suppress the "seizure" of what appears to be the murder weapon in this case. That weapon was delivered to a Danbury policeman by a disinterested third party who purportedly found it on a public roadway known as Daly's Lane in Danbury. He claims that these facts constitute an invasion of his Fourth Amendment and Article First § 7 of the Federal and CT Page 6257 State Constitutions, respectively. Those rights are personal rights, which like some other constitutional rights, may not be vicariously asserted. State v. Morrill, 197 Conn. 507, 540,498 A.2d 76 (1985), quoting Alderman v. United States, 394 U.S. 165,174, 89 S.Ct. 961, 22 L.Ed.2d 176, reh. denied sub nom., Ivanovv. U.S., 394 U.S. 939, 89 S.Ct. 1177, 22 L.Ed.2d 475 (1969).
At a suppression hearing, a defendant must sustain the burden of demonstrating a legitimate expectation of privacy in the area searched, the necessary predicate to his claim of a violation of his Fourth Amendment rights. State v. Morrill, supra, 542. Statev. Delarosa, 16 Conn. 18, 31-32. Where the presence of the police is lawful and the discard occurs in a public place where the defendant cannot reasonably have any continued expectancy of privacy in the discarded property, the property will be deemed abandoned for purposes of search and seizure. State v. Oquendo,223 Conn. 635, 658.
This evidence clearly supports a finding of abandonment vice seizure. The receipt of that weapon by the Danbury police officer hardly constitutes police action subject to review under the cited constitutional protections. Under this factual predicate, the defendant has, in addition to the foregoing absence of a "search" under the respective amendments, no standing to challenge the validity of the actions of the police on this issue.
Moraghan, J.